**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 15 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL J. DOBSON, an individual; et al., <br><br>         Plaintiffs - Appellants, <br><br>  v. <br><br> TWIN CITY FIRE INSURANCE COMPANY, an Indiana corporation and THE HARTFORD FINANCIAL SERVICES GROUP, INC., a Delaware corporation, <br><br>         Defendants - Appellees. | No. 12-56729 <br><br> D.C. No. 8:11-cv-00192-DOC-MLG <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Plaintiffs Michael Dobson, Richard Teasta, Allen Braun, the Insureds, and

Ironshore Indemnity, Inc., their excess carrier, appeal the district court's summary

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

judgment in favor of primary insurer Twin City Fire Insurance Co. and its parent The Hartford Financial Services Group, and the district court's denial of their partial motion for summary judgment. We have jurisdiction under 18 U.S.C. § 1291. Reviewing both the grant and denial of summary judgment de novo, *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002), and reviewing evidentiary rulings for abuse of discretion and prejudice, *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014), we reverse.

I.      Policy Coverage for Invotex Action and Creditors Committee's Claim

The district court correctly ruled that to the extent the underlying lawsuit against the Insureds sought restitution for fraudulent transfers rather than damages, such claims are not covered by the Twin City policy. *Unified W. Grocers v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1115 (9th Cir. 2006). To the extent the claims are based on allegations of "wilful act[s]" by, rather than negligence of, the Insureds, they are also not insurable. Cal. Ins. Code § 533. However, the breach of fiduciary duty claim does not seek specific restitution, but rather "damages" for many overarching breaches of duty allegedly committed by the Insureds. Thus, it is within coverage as alleging "wrongful acts." The earlier Creditors' Committee claim also included a covered breach of fiduciary duty element, and the district court erred in concluding that no coverage existed for that claim.

Further, neither the policy's "prior notice" exclusion nor the "claim first made" exclusion bar coverage. Those exclusions apply only to claims based on or related to prior claims that were the subject of "any notice given under any other directors and officers, management liability, or similar insurance policy." The earlier BAR and OCDA actions were noticed under another insurance policy, but in those cases it was the insured business entity that was sued, so the notice would have been given under the entity's comprehensive general liability coverage. The Insureds were named as natural person representatives of the entity in one action, but they were not sued themselves. Therefore, there was no prior notice under a "directors and officers . . . or similar insurance policy" triggering the exclusions.

II.     Defendants Wrongfully Denied Coverage

Defendants unequivocally denied coverage of the Creditors' Committee's claim and the Invotex Action. Their argument that their communications with the Insureds regarding coverage were "reservation of rights" letters in which they also offered to pay a small portion of the Insureds' costs for the breach of fiduciary duty claim, is belied by the fact that Defendants repeatedly and emphatically stated that "no coverage is available." But there *was* coverage, as just explained. Defendants' wrongful denial of coverage was an antecedent breach, excusing the Insureds' failure to obtain Defendants' consent prior to any settlement.

III.     Plaintiffs Submitted Appropriate Evidence of Loss

The district court ruled that Plaintiffs submitted only two forms of evidence of defense costs: a memorandum summarizing certain costs, and testimony by the Insureds estimating their defense costs.  The district court excluded this evidence *sua sponte* on the ground that it violated the best evidence rule.  Defendants' failure to object to this evidence waived any objection.  *Skillsky v. Lucky Stores, Inc.*, 893 F.2d 1088, 1094 (9th Cir. 1990).  We note also that Defendants make no effort to defend this ruling now.  In any event, we fail to see how this evidence would have been objectionable on best evidence grounds.  The exclusion of this evidence was erroneous.

IV.     Conclusion

Because part of the Creditors' Committee's claim and part of the Invotex Action were covered by the Insureds' policy, and because Defendants breached the same policy's terms by improperly denying coverage, the district court's denial of Plaintiffs' motion for partial summary judgment, and grant of Defendants' motion for summary judgment, was in error.  The decision is **REVERSED** and the case is **REMANDED** for proceedings consistent with this Memorandum.